UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

FELICIA WARD,

    Plaintiff,

vs.

CARNIVAL CORPORATION,
a foreign corporation d/b/a
Carnival Cruise Line

    Defendant.
_____/

## COMPLAINT

Plaintiff, Felicia Ward, sues Defendant, Carnival Corporation ("Carnival"), and states:

**Parties, Jurisdiction, and Venue**

1. Plaintiff is a citizen of the State of New York.

2. Carnival is a Panamanian corporation.

3. Carnival's headquarters and principal place of business are in Miami-Dade County, Florida, in the Southern District of Florida.

4. At all material times, Carnival owned and operated the *Carnival Valor,* a maritime cruise vessel.

5. At all material times, including August 20, 2016, Plaintiff was a fare-paying and duly authorized passenger onboard the *Valor*.

6. The *Valor* departed from a United States port at the commencement of Plaintiff's cruise and was scheduled to, and did, return to a United States port at the culmination of the cruise.

7. On August 20, 2016, Plaintiff suffered the alleged injury giving rise to this action while onboard the *Valor*.

8. At all material times, including at the time of Plaintiff's alleged injury, the *Valor* was sailing in navigable international waters with the capacity to significantly disrupt maritime commerce.

9. Accordingly, this Court has original admiralty jurisdiction over this action pursuant to 28 U.S.C. § 1333(1).

10. More than $75,000, exclusive of costs, fees, and interest, is in controversy.

11. The parties are completely diverse.

12. Accordingly, this Court also has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2).

13. Plaintiff has satisfied all conditions precedent, including the notice-of-claim requirement contained in Plaintiff's contract of passage for the subject cruise, for filing this action.

14. Venue is proper in the Southern District of Florida pursuant to the forum-selection clause in Plaintiff's contract of passage. Venue lies in the Southern District of Florida also pursuant to 28 U.S.C. § 1391 because Defendant engages in substantial and not isolated business in the district, maintains its principal place of business in the district, and committed one or more of the acts or omissions giving rise to this action in the district.

**Factual Allegations**

15. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

16. Plaintiff was on the Lido deck of the *Valor* on August 20, 2016 when she decided to walk down a stairway adjacent to a jacuzzi.

17. Carnival designed and/or constructed, and/or approved of the final design and/or construction of, the entire Lido deck of the *Valor,* including the locations of, and materials used to construct, the jacuzzi and stairway.

18. The jacuzzi rests a few feet away from the stairway and is on the same level as a stair landing.

19. The barrier separating the jacuzzi area from the stairway does not reach the surface of the ship, which design allows liquid to flow underneath the barrier from the jacuzzi area to the stairway.

20. Despite knowing of such liquid flow prior to Plaintiff's accident, Carnival failed to remediate same.

21. As a result, water that is often splashed or displaced from the jacuzzi frequently spreads to the stair landing and multiple stair treads, where it is then further tracked up and down the stairway by passengers and crew.

22. Heavy foot traffic from the adjacent pool also contributes to puddling on the stairway treads.

23. Prior to the incident, Carnival was aware or should have been aware of the frequent and persistent hazard created by the accumulation of water on the stairway, which hazard was created by Carnival's design and/or construction and which Carnival failed to remedy through proper maintenance.

24. Such danger was exacerbated by the fact that, as Carnival was aware prior to the incident, the stairs are insufficiently slip resistant when wet.

25. Aware of the danger caused by the constant presence of jacuzzi water and other liquids on the stairs and by the insufficiently slip resistant stairway surface, Carnival, prior to

3

Plaintiff's fall, outfitted the ends, or nosings, of the stair treads with putatively slip-resistant material.

26. However, the material covers only a very small portion of the stair treads, leaving the remainder dangerously slippery when wet.

27. As Carnival was aware prior to the incident, multiple passengers have been seriously injured as a result of slipping and falling upon and down the stairway after stepping in water that was tracked from the Lido deck pool and/or that emanated from the jacuzzi.

28. As Plaintiff descended the stairway on August 20, 2016 in a normal and reasonable manner, she could not see water or any other liquid resting on the stair treads.

29. A puddle of liquid was nonetheless present.

30. Plaintiff unwittingly stepped in a puddle of liquid on the unreasonably slippery stairway, causing her to completely lose her balance and fall.

31. Plaintiff tumbled violently down the stairs, sustaining injuries that are severe, and permanent or ongoing, in nature.

32. Prior to the fall, Carnival crewmembers saw or should have seen the liquid that caused Plaintiff to slip and fall, but failed to remove it from the stairway.

## Count 1: Negligence

33. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

34. At all material times, Defendant owed a duty to its passengers, including Plaintiff, to exercise reasonable care in the design, construction, maintenance, and operation of its vessel, including its amenities and surfaces.

35. Defendant breached that duty by:

4

    a. Designing the *Valor* such that water would foreseeably and very frequently be present on the subject stairway;

    b. Failing to cover all portions of the stair treads with a slip-resistant material, such that passengers frequently and foreseeably would step upon the unreasonably slippery portion of the stairway;

    c. Failing to utilize a material when designing and/or constructing and/or approving the design and/or construction of the stairway that is adequately slip resistant and not unreasonably dangerous in a wet state;

    d. Failing to exercise reasonable care in maintaining the vessel in a condition reasonably safe for passengers;

    e. Failing to warn passengers of dangers that that were known, or should have been known, to Carnival and that existed on the *Valor* in places that passengers are invited, or should be reasonably expected, to visit; and

    f. Allowing liquid, the existence of which Carnival was aware or should have been aware for a long period of time prior to Plaintiff's fall, to accumulate and rest upon the ship's surface, posing a known (by Carnival) and unreasonable danger to passengers, including Plaintiff.

36. As a direct and proximate result of Carnival's aforementioned breach of its duty of reasonable care, Plaintiff has and will continue to incur the following injuries and damages for which Carnival is liable:

    a. A complex and comminuted ankle fracture, which required surgery and still causes, and will continue to cause, pain, discomfort, and decreased mobility;

    b. Cost of operations and surgeries;

    c. Scarring and disfigurement;

    d. Lost wages;

    e. Cost of extensive physical therapy;

    f. Mental anguish;

    g. Other past, present, and future medical bills and other direct and incidental costs; and

h. Other past, present, and future pain and suffering.

WHEREFORE, Plaintiff requests that this Honorable Court award to Plaintiff money damages, including interest; reasonable costs and attorney's fees as allowed by law; and any other and further relief that this Court may deem just and proper.

## Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

By:   */s/ Mason Kerns*
LEESFIELD SCOLARO, P.A.
*Attorneys for Plaintiff*
**THOMAS SCOLARO** (FL Bar No. 178276)
E-Mail: Scolaro@Leesfield.com
**MASON KERNS** (FL Bar No. 91754)
E-Mail: Kerns@Leesfield.com
2350 South Dixie Highway
Miami, Florida 33133
Telephone: 305-854-4900
Facsimile: 305-854-8266